UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDWIN ALEMANY | ) ) ) | |
| Petitioner, | ) ) | C.A. No. 1:22-cv-11678-IT |
| v. | ) ) | |
| STEPHEN KENNEDY, Superintendent Old Colony Correctional Center, | ) ) ) ) | |
| Respondent. | ) ) | |

**RESPONDENT'S ANSWER TO THE PETITIONER'S PETITION**
**FOR A WRIT OF HABEAS CORPUS**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent, Stephen Kennedy, hereby answers the petition for a writ of habeas corpus filed by the petitioner, Edwin Alemany.

1.(a).   Admitted.

1.(b).   Admitted.

2.(a).   Admitted.

2.(b).   Admitted.

3.   Denied. The petitioner was sentenced to life for a conviction of murder; a ten to fifteen year sentence for attempted murder to run on and after the murder sentence; and a fourteen to fifteen year sentence for assault and battery by means of a dangerous weapon to run on and after the attempted murder sentence. Sentences for other convictions for kidnapping, using intimidation to steal from a

1

|   |   |
|---|---|
|   | depository, armed robbery, assault with intent to rob, burning personal property, and assault and battery were concurrent with the murder sentence. |
| 4. | Denied. The petitioner was convicted of murder, in violation of G. L. c. 265, § 1; kidnapping, in violation of G.L. c. 265, § 26; carjacking, in violation of G. L. c. 265, § 21A; stealing by confining or putting in fear, in violation of G. L. c. 265, § 21; four counts of armed robbery, in violation of G. L. c. 265, § 17; armed robbery while masked, in violation of G. L. c. 265, § 17; assault with intent to rob, in violation of G. L. c. 265, § 18; burning wood and other property, in violation of G. L. c. 266, § 5; two counts of attempted murder, in violation G. L. c. 265, § 16; three counts of assault and battery, in violation G. L. c. 265, § 13A; assault and battery with a dangerous weapon resulting in serious bodily injury, in violation G. L. c. 265, § 15A; assault with intent to murder while armed, in violation of G. L. c. 265, § 18(b); and robbery, in violation of G. L. c. 265, § 19. |
| 5. | Denied. The petitioner was convicted of murder, in violation of G. L. c. 265, § 1; kidnapping, in violation of G.L. c. 265, § 26; carjacking, in violation of G. L. c. 265, § 21A; stealing by confining or putting in fear, in violation of G. L. c. 265, § 21; four counts of armed robbery, in violation of G. L. c. 265, § 17; armed robbery while masked, in violation of G. L. c. 265, § 17; assault |

with intent to rob, in violation of G. L. c. 265, § 18; burning wood and other property, in violation of G. L. c. 266, § 5; two counts of attempted murder, in violation G. L. c. 265, § 16; three counts of assault and battery, in violation G. L. c. 265, § 13A; assault and battery with a dangerous weapon resulting in serious bodily injury, in violation G. L. c. 265, § 15A; assault with intent to murder while armed, in violation of G. L. c. 265, § 18(b); and robbery, in violation of G. L. c. 265, § 19.

| | |
|---|---|
| 6.(a). | Admitted. |
| 6.(b). | Left blank by the petitioner. |
| 6.(c). | Admitted. |
| 7. | Admitted. |
| 8. | Admitted. |
| 9.(a). | Admitted. |
| 9.(b). | Admitted. |
| 9.(c). | Admitted. |
| 9.(d). | Admitted. |
| 9.(e). | Admitted. |
| 9.(f) | The grounds for the petitioner's appeal were set forth in his brief, which was filed in the Supreme Judicial Court, and speak for themselves. To the extent the petitioner's summary of those grounds differs from his actual filings, the respondent denies his allegations. |

9.(g).          Admitted.

9.(h).          Admitted.

10.             Denied. The petitioner filed a Motion for New Trial and Request for Hearing in the Supreme Judicial Court which the Supreme Judicial Court remanded to the Suffolk Superior Court on January 7, 2019. The Superior Court denied the Motion for New Trial and Request for Hearing on March 8, 2019.

11.             Left blank by the petitioner.

12. **GROUND ONE:**

(a).            The respondent states that paragraph 12 of the petition contains legal arguments and conclusions of law to which no response is required. To the extent that a response is deemed necessary, the respondent denies the factual allegations contained in paragraph twelve of the petition insofar as they are inconsistent with the state-court record, or are inconsistent with the facts found by the Supreme Judicial Court in *Commonwealth v. Alemany*, 488 Mass. 499 (2021), and/or by the Suffolk Superior Court during the trial and litigation of *Commonwealth v. Alemany*, No. 1384-CR-11163.

(b).            Left blank by the petitioner.

(c).            The respondent denies that a federal constitutional claim coextensive with the claim set forth in Ground One was presented to the state courts.

(d).(1).        Admitted.

(d).(2).         Admitted.

(d).(3).         Admitted.

(d).(4).         Admitted.

(d).(5).         The respondent denies that a federal constitutional claim coextensive with the claim set forth in Ground One was presented to the state courts.

(d).(6).         Admitted.

(d).(7).         Left blank by the petitioner.

(e).             Left blank by the petitioner.

**GROUND TWO:**

(a).             The respondent states that paragraph 12 of the petition contains legal arguments and conclusions of law to which no response is required.  To the extent that a response is deemed necessary, the respondent denies the factual allegations contained in paragraph twelve of the petition insofar as they are inconsistent with the state-court record, or are inconsistent with the facts found by the Supreme Judicial Court in *Commonwealth v. Alemany*, 488 Mass. 499 (2021), and/or by the Suffolk Superior Court during the trial and litigation of *Commonwealth v. Alemany*, No. 1384-CR-11163.

(b).             Left blank by the petitioner.

(c).             The respondent denies that a federal constitutional claim coextensive with the claim set forth in Ground Two was presented to the state courts.

| | |
|---|---|
| (d).(1). | Admitted. |
| (d).(2). | Left blank by the petitioner. |
| (d).(3). | Left blank by the petitioner. |
| (d).(4). | Left blank by the petitioner. |
| (d).(5). | Left blank by the petitioner. |
| (d).(6). | Left blank by the petitioner. |
| (d).(7). | Left blank by the petitioner. |
| (e). | Left blank by the petitioner. |

**GROUND THREE:**

   Left blank by the petitioner.

**GROUND FOUR:**

   Left blank by the petitioner.

| | |
|---|---|
| 13.(a). | Denied. |
| 13.(b). | Denied. |
| 14. | The respondent lacks knowledge or information sufficient to form a belief as to the truth of these allegations. |
| 15. | The respondent lacks knowledge or information sufficient to form a belief as to the truth of these allegations. |
| 16.(a)-(b). | The respondent lacks knowledge or information sufficient to form a belief as to the truth of these allegations. |
| 16.(c)-(g). | Admitted. |
| 17. | The respondent lacks knowledge or information sufficient to form a belief as to the truth of these allegations. |

18. Paragraph eighteen states a conclusion of law to which no response is required.

Pursuant to Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent states that the petitioner's action is defective for the reasons stated in the Affirmative Defenses listed below. The information and/or materials required by Rules 5(c) and 5(d), and this Court's order of October 24, 2022, are contained in the respondent's Supplemental Answer, which is being filed concurrently with this Answer.

### First Affirmative Defense

The state court's adjudication of the petitioner's claims was not contrary to or an unreasonable application of clearly-established Supreme Court law; nor was it based upon an unreasonable determination of facts in light of the evidence presented in the state-court proceedings. See 28 U.S.C. § 2254(d).

### Second Affirmative Defense

The petitioner cannot rebut the presumption of correctness accorded to the state court's factual determinations underlying his claims. See 28 U.S.C. § 2254(e)(1).

### Third Affirmative Defense

The petition should be denied to the extent that the decision of the state court below rests on a state-law ground that is both independent of the federal questions the petitioner presents here and adequate to support the judgment.

### Fourth Affirmative Defense

The petition should be dismissed to the extent it fails to state a claim upon which habeas corpus relief may be granted.

### Fifth Affirmative Defense

The petition should be dismissed to the extent one or more of its claims are harmless under the standards set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993).

### Sixth Affirmative Defense

The petition should be denied if and to the extent that the relief sought would create or apply a new rule of constitutional law that cannot be applied retroactively on collateral review.

### Seventh Affirmative Defense

The petition should be denied to the extent that any of its grounds for relief are premised solely on matters of state law.

### Eighth Affirmative Defense

The petitioner is not in custody in violation of the Constitution, laws, or treaties of the United States.

### Ninth Affirmative Defense

The petition should be denied to the extent that one or more of the petitioner's claims was not exhausted in the state courts.

The respondent respectfully reserves the right to amend or supplement this Answer and the Supplemental Answer in the future should that need arise.

Respondent,

STEPHEN KENNEDY,

By his Attorney,

ELIZABETH N. DEWAR
ACTING ATTORNEY GENERAL

/s/ Jesse M. Boodoo
Jesse M. Boodoo, BBO# 678471
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA  02108
(617) 727-2200, Ext. 2592
Jesse.Boodoo@mass.gov

Date:   January 13, 2023

**CERTIFICATE OF SERVICE**

I, Jesse M. Boodoo, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 13, 2023.

/s/ Jesse M. Boodoo
Jesse M. Boodoo