```
                    COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                            SUPERIOR COURT
                                        CRIMINAL DIVISION
                                        NO. 2013-11163


 _____
                                        :
COMMONWEALTH OF MASSACHUSETTS,          :
         Plaintiff,                     :
                                        :
     -vs-                               :
                                        :
EDWIN ALEMANY,                          :
         Defendant.                     :
 _____



                    PRETRIAL MOTIONS



     BEFORE:    The Honorable Frank Gaziano
                May 6, 2015
                Suffolk Superior Court
                Three Pemberton Square, Room 806
                Boston, MA 02108








            CAROL A. LAVALLEE, OFFICIAL COURT REPORTER
```

APPEARANCES

John Pappas, Assistant District Attorney
Zachary Hillman, Assistant District Attorney
Suffolk County District Attorney's Office
One Bulfinch Place
Boston, Massachusetts 02114
     On behalf of the Commonwealth.


Jeffrey A. Denner, Esquire
Joseph Keller, Esquire
Jeffrey Denner Associates, P.C.
4 Longfellow Place
Boston, Massachusetts 02114
     On behalf of the Defendant.

Michelle Hubbard, Esquire
132 Boylston Street
Boston, Massachusetts 02116
     On behalf of the Defendant.

Alemany - 3

```
 1
 2
 3                    PRETRIAL MOTIONS
 4                     May 6, 2015
 5
 6         THE COURT OFFICER: All rise.
 7         Courtroom 806 is now open.  The
 8    Honorable Judge Frank Gaziano presiding.  Please
 9    be seated.
10         THE CLERK: Good morning.
11         For the record, before the Court is the
12    matter of the Commonwealth vs. Edwin Alemany.  Mr.
13    Alemany is present with his counsel Jeffrey
14    Denner, Michelle Hubbard and Joseph Keller.  The
15    Commonwealth is represented by Assistant District
16    Attorney John Pappas and Assistant District
17    Attorney Zachary Hillman.  The matter is marked
18    today for a final pretrial hearing.
19         THE COURT: Counsel, good morning.
20         COUNSEL: Good morning, Your Honor.
21         THE COURT: So I want to go over any
22    motions in limine, any issues that are going to
23    take us into the trial on the 18th, as well as the
24    scheduling.
25         As far as the scheduling goes we're
```

Alemany - 4

1 scheduled for the 18th. What is the
2 Commonwealth's prediction as far as length of
3 trial?
4 　　　　MR. PAPPAS: I think it's going to be
5 predicated in part, Your Honor, on the number of
6 incidents that we actually move for trial on.
7 There remains the possibility -- there are three
8 dates in question: July 23rd and July 24th of 2013,
9 and there was another incident, a separate
10 incident that occurred on September 8th of 2012.
11 I'm still waiting to see our expert's report, Mr.
12 Ablow's report, who is the expert for Mr. Alemany,
13 to see how that particular September 28, 2012
14 issue is addressed. If we don't move forward on
15 that particular incident I think it will shorten
16 the case somewhat for the Commonwealth. But, in
17 any event, Your Honor, I would expect after we
18 have a jury for our case in chief to take seven to
19 ten trial days.
20 　　　　THE COURT: Thank you, Mr. Pappas.
21 　　　　Mr. Denner.
22 　　　　MR. DENNER: Good morning, Your Honor.
23 I don't think other than Dr. Ablow and perhaps,
24 perhaps two or three very short witnesses in
25 relation to Dr. Ablow's testimony, family, friends

Alemany - 5

```
 1     who would corroborate something he said, I don't
 2     think the defense case will take more than a day
 3     and a half tops.
 4                And with regard to the particular
 5     incident, the earlier incident, I don't think
 6     that's going to be at all central to Dr. Ablow's
 7     report.  So even if it were contained in the
 8     report and the Commonwealth decided not to go
 9     forward on it I simply wouldn't, I simply wouldn't
10     talk to Dr. Ablow of that particular incident on
11     my examination of him.
12                THE COURT: All right.  Thank you,
13     counsel.
14                What are the anticipated motions in
15     limine, Mr. Pappas, and then I'll get to Mr.
16     Denner?
17                MR. PAPPAS: I'll just go to the front,
18     Your Honor.  We have a motion to run criminal
19     history records of jurors.
20                MR. DENNER: Your Honor, I'm having some
21     difficulty hearing.
22                THE COURT: Right, we have some
23     competition with the construction.  If you want to
24     step back perhaps.
25                MR. PAPPAS: I will, Your Honor.
```

Alemany - 6

1           THE COURT REPORTER: I'm just going to
2    turn the podium mic on?
3           THE COURT: Sure.
4           THE COURT REPORTER: Thank you, Your
5    Honor.
6           THE COURT: You're welcome.
7           Mr. Pappas.
8           MR. PAPPAS: One motion, Your Honor,
9    being to ask the Court's permission to run
10   criminal history checks of jurors.
11          A motion for a view, Your Honor.
12          A motion in limine to admit crime scene
13   video.
14          A motion in limine regarding photographs
15   of the victim.
16          Motion in limine to be permitted to use
17   certain exhibits and chalks during view opening
18   and/or opening statement.
19          Motion in limine regarding demonstrative
20   charts and diagrams, Your Honor.  In particular,
21   probably those used at autopsy.
22          Motion in limine to exempt victims,
23   family members of victims and investigating
24   officers from the general order of sequestration.
25          Motion in limine to allow introduction

Alemany - 7

of autopsy photographs of victim Amy Lord.

Included in our motions in limine, Your Honor, will be a motion for proposed individual questions for purposes of jury impanelment.

A motion in limine to admit 911 calls, Your Honor.

The Commonwealth's motion in limine to admit victim Alexandra Cruz's statement to Boston police officer Daniel Pusey.

And Commonwealth's motion in limine to admit text messages between two individuals. Those individuals being Kelley Ryan and Kristen Lasorsa.

Those are the ones we anticipate filing right now, Your Honor. I would ask the Court's permission that to the extent we seek to add on to that we notify Mr. Curley.

THE COURT: All right. Thank you, Mr. Pappas.

Mr. Denner.

MR. DENNER: Yes, sir. In terms of the motions that we are going to file or anticipate filing versus the oppositions we are going to have to be (inaudible)

We will also have our proposed voir dire

Alemany - 8

1   questions for the jury and individual questioning
2   of the jury.
3           We will have certain motions in limine
4   related to the photographs that we think should
5   and shouldn't come in.
6           We will have certain motions in limine
7   we expect about the diagrams and charts that they
8   are going to be seeking to introduce.
9           But, other than that, the only other
10  issue that remains for us is it has come to my
11  attention from our expert witness in his further,
12  the psychiatric expert witness Dr. Ablow, in his
13  further evaluations of the defendant recently that
14  he has some questions about the competence of this
15  particular defendant to actually stand trial right
16  now and for us to be able to effectively represent
17  him.  I will be talking to him more about that
18  today.
19          If we are going to be setting up another
20  time to argue these motions sometime prior to the
21  actual impanelment of the jury, which I suspect we
22  will, I would be proposing that within the next
23  literally 48 hours if I am going to, based on my
24  conversations with Dr. Ablow, be raising the issue
25  of his competence to stand trial, that we would

Alemany - 9

1   file that within 48 hours presumably.  Again, I
2   don't speak for the Commonwealth obviously, but I
3   would expect that they would want Dr. Kelly, or
4   something that's formally proposed to do an
5   evaluation, either seeing him again or not,
6   relative to competence to stand trial.  And I
7   would hope that on the day that we were having the
8   motion in limine is heard if the Court felt it was
9   necessary to have a relatively short hearing on
10  competence that that happened that day as well.
11            THE COURT: Okay.  As far as that goes
12  when can we realistically have the hearing?  Maybe
13  we don't have to have one, but as far as
14  competency on motions in limine.  I have a jury-
15  waived trial that's going to take place May 12 and
16  13.
17            MR. DENNER: Is Your Honor thinking that
18  May 18th is the day that we will impanel?
19            THE COURT: Right.  I mean, we have some
20  flexibility.  We could do motions in limine on the
21  18th, as well.  Is that?
22            MR. PAPPAS: If – I'm sorry, Your Honor.
23            THE COURT: No.  I mean, it's up to you
24  folks.  I'm blocking out three weeks for this
25  case.

Alemany - 10

1    MR. PAPPAS: If the Court is available,
2    Your Honor, our preference having heard about the
3    competency issue for the first time about ten
4    minutes ago, I would prefer, it would be our
5    preference to do motions in limine on either the
6    12th or 13th and take up the competency issue on
7    that date.
8         I can notify Dr. Kelly today. I'm very
9    anxious, the Commonwealth is very anxious to get
10   Dr. Ablow's report. We're promised, we were
11   promised it was going to be filed yesterday. That
12   hasn't been the case. My understanding is Dr.
13   Kelly's report is in the clerk's office; it has
14   been filed.
15        THE COURT: It has.
16        MR. PAPPAS: And we're anxious to receive
17   Dr. Ablow's report so we can address this
18   competency issue and get this case out of the box.
19        THE COURT: All right.
20        MR. DENNER: We will have Dr. Ablow's
21   report. I was out of state until this morning.
22   We will have it. We have not seen Dr. Kelly's
23   report either. But we will have Dr. Ablow's
24   report by the close of business today.
25        THE COURT: Well, let me ask you, Mr.

Alemany - 11

1	Denner, are you going to assent to releasing both
2	reports?
3	                MR. DENNER: Yes.  Yes, Your Honor.
4	                THE COURT: Okay.
5	                MR. DENNER: And Dr. Ablow's report does
6	not address the issue of competence.
7	                THE COURT: Right.
8	                MR. DENNER: It will be a separate thing.
9	                THE COURT: Let's do this then.  Let's
10	schedule for, let's schedule for motions in limine
11	on the 14th.
12	                MR. DENNER: Will that be at 9 o'clock,
13	Your Honor?
14	                THE COURT:  Yes.
15	                MR. DENNER: Your Honor, does that
16	include the motions that might be filed on the
17	issue of competence?
18	                THE COURT: Yes, I want to resolve
19	everything on the 14th.  Motions in limine, and if
20	there's a competency issue, which, of course, is a
21	live issue that I can raise.  But if there's a
22	competency issue that counsel want to bring to my
23	attention I'd like to have a motion filed on the
24	14th so I can take some testimony on that issue,
25	if need be.  All right?

MR. PAPPAS: Your Honor, can I coordinate with Mr. Curley? I'll check today with Dr. Kelly about his availability for the 14th in the event he's needed.

THE COURT: Okay, okay.

Has he ever been examined for competency?

MR. DENNER: Not by us, Your Honor.

THE COURT: Fine.

You both have asked for individual voir dire which under the Sagan case you certainly have a right to. I'm going to grant you for the individual voir dire.

I'm not hearing requests for an attorney conducted voir dire. Is that something that counsel have considered and decided not to do?

MR. DENNER: No, Your Honor. I would, in our motion in limine it would be for counsel voir dire, particularly in a case like this with using a criminal responsibility defense, which is generally a pretty disfavored defense to be able to try to connect with the jury.

THE COURT: And what I would do in that instance, I have an obligation under the case law to conduct a voir dire, an individual voir dire on

Alemany - 13

1   Sagan issues.  There's pretrial publicity, I would
2   imagine, which I'd inquire about.  So what I would
3   propose is that I will conduct my own individual
4   voir dire on those topics and then counsel can
5   question on those topics or any other topics that
6   they bring to my attention.  So we'll do a hybrid.
7   I'll ask my questions and then you folks can ask
8   your questions.
9          And you've impaneled, both of you have
10  impaneled with me.  We'll do it at the table.
11  I'll ask the general questions of the jury pool.
12  We'll bring the jurors in just like in other
13  cases.  We'll bring the jury in, and jurors
14  individually, of course in open courtroom, and
15  then I'll conduct the questioning and you folks
16  conduct the questioning.
17         Under a standing order on an attorney
18  conducted voir dire the government goes first and
19  the government exercises all its challenges first,
20  as well.
21         We will seat 16 jurors.  I'll probably
22  tell them the case is going to take two and a half
23  weeks because it might take us a few days to
24  impanel.
25         As far as the motions go if you could

Alemany - 14

1   file them, or let me ask counsel is Monday, the
2   11th, realistic to file motions in limine?
3          MR. PAPPAS: It is for the government,
4   Your Honor.
5          MR. DENNER: By the end of the day, that
6   day, yes, Your Honor.
7          THE COURT: Okay. And I'll take any
8   oppositions on the 12th.
9          MR. DENNER: Your Honor, with regard to
10  the oppositions, if we don't see their motions
11  until the end of the day Monday or whatever, I
12  might have some difficulty filing oppositions.
13         THE COURT: I'll give you the 13th. And
14  frankly, the ones I've seen, the motions that
15  you've both talked to me about, there's nothing
16  that's out of the ordinary, to tell you the truth.
17  So I don't think you are going to have any trouble
18  filing oppositions. But I'll give you until the
19  13th.
20         MR. DENNER: Thank you.
21         THE COURT: Anything else, Mr. Pappas,
22  for the government before the 14th?
23         MR. PAPPAS: No, not from the government.
24         MR. DENNER: No, sir.
25         THE COURT: Okay. We'll see everybody on

Alemany - 15

1   the 14th.  Thank you very much.
2             COUNSEL: Thank you.
3             THE COURT OFFICER: All rise.
4             THE CLERK: The case is continued until
5   May 14th at 9 a.m. for motions.
6             THE COURT OFFICER: This Court stands in
7   recess.
8                  (WHEREUPON, the proceeding is
9                   suspended for the day.)
10
11                    *  *  *  *  *
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Alemany - 16

1

## **CERTIFICATION**

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.


      I, CAROL A. LAVALLEE, A PROFESSIONAL COURT REPORTER IN AND FOR THE COMMONWEALTH OF MASSACHUSETTS, DO HEREBY CERTIFY THAT THE FOREGOING TRANSCRIPT, PAGES 3 THROUGH 15, IS A TRUE AND ACCURATE RECORD OF THE PROCEEDINGS HELD CONCERNING THE MATTER OF THE COMMONWEALTH OF MASSACHUSETTS VS. EDWIN ALEMANY, AS PRESENTED AT BOSTON, MASSACHUSETTS, BEFORE THE HONORABLE FRANK GAZIANO, ON MAY 4. 2015, TO THE BEST OF MY SKILL, KNOWLEDGE AND ABILITY.


                              CAROL A. LAVALLEE,
                              OFFICIAL COURT REPORTER

THE FOREGOING CERTIFICATION OF THE TRANSCRIPT DOES NOT APPLY TO ANY REPRODUCTION OF THE SAME BY ANY MEANS UNLESS UNDER THE DIRECT CONTROL AND/OR DIRECTION OF THE CERTIFYING REPORTER.