UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EDWIN ALEMANY, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Criminal Action No. 1:22-cv-11678-IT |
| | * | |
| STEPHEN KENNEDY, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

February 9, 2024

TALWANI, D.J.

Petitioner Edwin Alemany brings a Petition for Writ of Habeas Corpus ("Petition") [Doc. No. 1] pursuant to 28 U.S.C. § 2254. First, Alemany alleges that his trial counsel violated his Sixth Amendment right to counsel by acknowledging his guilt before the jury while pursuing an insanity defense against his wishes. Second, he alleges that his Due Process rights were violated when the prosecutor improperly appealed to the jury's sympathies. Alemany seeks immediate release, vacatur of the judgment, and dismissal of all indictment counts. For the reasons set forth below, Alemany's Petition [Doc. No. 1] is DENIED.

I.   Background

  A.   Alemany's Trial

On November 15, 2013, Alemany was indicted by a grand jury on charges of the first-degree murder of Amy Lord; the attempted murder and assault and battery of Alexandra Cruz; the aggravated assault and battery by means of a dangerous weapon and armed assault with intent to murder of Kayleigh Ballentine; and numerous other charges relating to one or more of

the three women, including kidnapping, armed carjacking, armed and masked robbery, and armed robbery. SA 151-170 (Grand Jury Indictments) [Doc. No. 10].

A three-week jury trial commenced on May 18, 2015. During opening statements, the prosecutor referenced the victims' "forever" ages, described the offenses as a "real life horror story," and told the jury that "the common thread" of that horror story was "sitting . . . ten feet away from all of you." Pet. Mem. 23 [Doc. No. 22] (quoting SA, Ex. 6 (Tr. of State Court Proceeding) 3-241:12-23, 3-242:1-3 [Doc. No. 10-6]). Alemany did not object when these statements were made. See id. at 3-240:21-3:-264:8. In his closing argument, the prosecutor stated:

> Amy Elizabeth Lord, forever twenty-four years old, the daughter of Cindy and Dennis Lord. For twenty-four years they raised and loved their daughter, and then on July 23, 2013, they were dealt the cruel[]est of blows. They had to hear the words that no parent should ever have to hear. After going missing, their daughter was gone, the victim of a brutal abduction, robbery, and murder. No more gym, no more job, no more family trips. Amy Lord, forever twenty-four, will never walk down the aisle with her dad on her wedding day.

SA, Ex. 17 (Tr. of State Court Proceeding) 14-72:6-17 [Doc. No. 10-17]. Defense counsel objected to the reference to Amy Lord's parents, calling it a "patent asking for emotion." Id. at 14-107:2-8. The judge instructed the jury that to the extent there was any reference to the parents, the jury should focus on "their testimony they gave . . . and why they were on the witness stand . . . and not on anything else." Id. at 14-108:4-8.

Defense counsel deferred his opening statement until the end of the prosecution's case-in-chief, at which point he stated that he would be presenting evidence that Alemany was not guilty by reason of insanity. SA, Ex. 15 (Tr. of State Court Proceeding) 12-140:22-12-148:10 [Doc. No. 10-15]. The defense presented one expert witness, a psychiatrist, to support Alemany's insanity defense based on his claimed mental illness and psychiatric history. Id. at 12-149:11-12-213:23. In closing, defense counsel conceded "guilt on the acts," but argued that Alemany was not guilty

2

by reason of insanity. S.A., Ex. 17 (Tr. of State Court Proceeding) 14-31:22-14-32:3 [Doc. No. 10-17].

      B.      *Alemany's Conviction and Sentence*

On June 8, 2015, a jury rejected Alemany's insanity defense and found him guilty on all charges except the assault with intent to rape. SA, Ex. 18 (Tr. of State Court Proceeding) 8:14-21:8 [Doc. No. 10-18]; SA, Ex. 19 (Tr. of Sentencing) 24:16-27:3 [Doc. No. 10-19]. Alemany was sentenced to life in prison without parole for the murder and to concurrent prison terms of various lengths on the remaining counts of conviction. SA, Ex. 19 (Tr. of Sentencing) 28:1-31:22 [Doc. No. 10-19].

      C.      *Alemany's Appeal and Post-Trial Motion*

Alemany filed a timely notice of appeal on July 8, 2015, contending, inter alia, that certain statements by the prosecutor in his opening statement and closing argument improperly appealed to the jury's emotions. On December 31, 2018, Alemany filed a motion for a new trial asserting that he repeatedly told his attorneys that he did not wish to admit guilt or pursue an insanity defense. SA 245 (Alemany Mot. New Trial) [Doc. No. 10]. The Supreme Judicial Court ("SJC") remanded the matter to the superior court to consider the post-trial motion. See SA 149 (trial court docket entry on 01/07/2019) [Doc. No. 10].

In a handwritten order, the superior court judge stated: "following review of the entire file record . . ., the motion is DENIED without hearing, as I find the defendant has failed to raise a substantial issue." Mot. Order [Doc. No. 1-2]. The judge did not credit Alemany's post-trial affidavit submitted with the motion, which the judge found "self-serving and uncorroborated[.]" Id. Alemany appealed the superior court's decision.

D. *SJC Decision*

The SJC considered Alemany's direct appeal of his conviction and appeal of his denial of his motion for new trial in a single decision. Commonwealth v. Alemany, 488 Mass. 499, 174 N.E.3d 649 (2021). As discussed in greater detail below, the SJC found that the motion judge properly looked at the relevant factors when determining that the post-trial affidavit provided by Alemany was not credible. Id. at 517. Furthermore, the SJC determined that the statements made by the prosecution did not cause substantial prejudice. Id. at 512.

## II. Relevant Law

28 U.S.C. § 2254(a) provides that a federal court can hear an application for a writ of habeas corpus from a person in custody as a result of a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thus giving the state the first 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Josselyn v. Dennehy, 475 F.3d 1, 2-3 (1st Cir. 2007) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). To have exhausted federal remedies where, as here, the state's highest court offers discretionary review, "a petitioner must present that court with the opportunity to review the federal claim[.]" Id. at 3.

An application for a writ of habeas corpus brought by a state prisoner shall not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Where a

state court did not review the federal constitutional claim, there will be no deference to a state court's resolution of the federal constitutional issue and the habeas court applies *de novo* review. See Lavallee v. Coplan, 374 F.3d 41, 44 (1st Cir. 2004).

"A state court decision is contrary to clearly established federal law if the court applies a rule that contradicts the governing law set forth by the Supreme Court or confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Linton v. Saba, 812 F.3d 112, 122 (1st Cir. 2016) (internal citations and quotations omitted; alteration in original).

A federal court may also grant the writ if the relevant state court decision "involved an unreasonable application of . . . clearly established federal law, as determined by the Supreme Court of the United States." Williams v. Taylor, 529 U.S. 362, 404-05 (2000) (citing Section 2254(d)(1)). An "unreasonable application of . . . clearly established Federal law" occurs when a state court decision "correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case." White v. Woodall, 572 U.S. 415, 426 (2014). Importantly, a state court does not unreasonably apply clearly established Supreme Court law by simply refusing to extend it "to a context in which the principle should have controlled." Id. at 425 (internal citations and quotations omitted). In other words, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 419-20 (internal quotation and citation omitted). "This is 'meant to be' a difficult standard to meet." Virginia v. LeBlanc, 582 U.S. 91, 94 (2017) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)).

### III. Discussion

*A.    Sixth Amendment Violation*

Alemany argues that his Sixth Amendment right to counsel was violated when trial counsel admitted guilt and pursued an insanity defense against his wishes. The Sixth Amendment requires assistance of counsel but "an assistant, however expert, is still an assistant." Faretta v. California, 422 U.S. 806, 820 (1975). Notable decisions reserved for the client include "whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal." McCoy v. Louisiana, 584 U.S. 414, 422 (2018).

"It is the defendant's prerogative, not counsel's, to decide on the objective of his [or her] defense." Id. at 417. The Supreme Court has held that "counsel's admission of a client's guilt over the client's express objection is error structural in kind," requiring a new trial without any need to show prejudice. Id. at 427-28. But it is Alemany's responsibility to present "sufficient credible information to cast doubt" that counsel admitted guilt over his express objection. Commonwealth v. Goodreau, 442 Mass. 341, 348, 813 N.E.2d 465 (Mass. 2004) (quotations and citations omitted); see also McCoy, 584 U.S. at 417 (finding Sixth Amendment violation where record demonstrated defendant's vociferous and repeated objections to admitting guilt).

The state court properly applied federal law when analyzing Alemany's Sixth Amendment claim. The SJC made no clear error of law in determining that there is no violation of Sixth Amendment rights where a defendant fails to object and possibly assents to the use of the insanity defense. Florida v. Nixon, 543 U.S. 175, 192 (2004) ("When counsel informs the defendant of the strategy counsel believes to be in the defendant's best interest and the defendant is unresponsive, counsel [does not need] defendant's explicit consent."). Here, the SJC correctly applied the relevant federal law as well as proper Supreme Court precedent.

The SJC likewise did not misapply federal law in holding that the motion judge did not err in concluding that Alemany failed to present a substantial issue regarding his objection to admitting guilt. Petitioner relies on McCoy v. Louisiana, in which the Supreme Court found a Sixth Amendment violation where counsel conceded guilt for a defendant who repeatedly and clearly maintained innocence to judge, jury, and counsel, including by testifying to his own innocence. 584 U.S. 414, 420, 428 (2018). But the SJC's determination that Alemany did not present sufficiently credible evidence to show that he "expressly assert[ed] [at trial] that the objective of his defen[s]e [was] to maintain innocence" was not clearly contrary to established federal precedent. Alemany, 488 Mass. at 518 (internal citations and quotations omitted); see also Perez-Vasquez v. United States, 2023 WL 6541441, at *3 (D. Mass. Oct. 6, 2023) (finding McCoy not controlling where petitioner did not object to trial counsel's strategy at any point during proceedings).

Neither did the state court make an unreasonable determination on the facts in light of the evidence before it. Alemany asserts that he expressly told his counsel he did not wish to raise an insanity defense and that he did not want to concede guilt. SA 209-211 (Aff. of Edwin Alemany) [Doc. No. 10]. However, the motion judge and the SJC determined that the affidavit was not credible and therefore did not raise a substantial issue. Alemany, 488 Mass. at 519-20.

Both courts considered the relevant facts in determining Alemany's affidavit uncredible, including that (1) Alemany had, in fact, agreed with his trial counsel's pursuit of an insanity defense as detailed in appellate counsel's affidavit; (2) the lack of affidavits by Alemany's trial counsel; (3) Alemany's submission to an expert interview in support of his insanity defense; and (4) that Alemany discussed his medical needs with counsel during trial, suggesting that if he had

7

objections to his counsel's statements regarding his guilt during trial, he could have voiced them. Id.

Additionally, though Alemany states that he would have "objected in open court" to an admission of guilt, he made no such objection during his counsel's closing argument when he conceded Alemany's guilt on the acts at issue. Give these facts, plus the three-year delay between trial and Alemany's new trial motion, in which he argued he had not wished to concede guilt for the first time, the superior court reasonably determined Alemany's affidavit to be uncredible in light of the evidence presented. 28 U.S.C § 2254(d)(2). The SJC's determination that the credibility assessment was supported by the trial record and therefore did not raise a substantial issue was likewise reasonable. Alemany, 488 Mass. at 519-20. Alemany has provided no persuasive reason for this court to find that the SJC's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Consequently, Alemany has not met his burden of rebutting the presumption that a state court's determination of a factual issue is correct by presenting clear and convincing evidence to the contrary. 28 U.S.C § 2254(e)(1).

Alemany's allegation that trial counsel pursued an insanity defense without his consent is serious. Without Alemany's discredited affidavit, however, Alemany has provided no evidence either that his trial counsel went against his wishes when pursuing the insanity defense or that he failed to understand that an insanity defense required conceding guilt. Consequently, there is no "sufficient credible information to cast doubt on the issue." Alemany, 488 Mass. at 517 (internal quotations and citations omitted). Accordingly, as to the Sixth Amendment claim, Petitioner's request for writ of habeas corpus is denied.

      B.      *Due Process Violation*

The SJC also made no error of law in determining that there was no due process violation due to prosecutorial misconduct. Under federal law, to assess if the prosecutor's statements substantially prejudiced the defendant, the court considers "(1) the closeness of the case; (2) the centrality of the issue affected by the error; and (3) the steps taken to mitigate the error's effects." United States v. Moore, 651 F.3d 30, 51 (D.C. Cir. 2011). Even "deeply troubling" statements do not amount to a due process violation if the government has shown that those statements did not cause substantial prejudice. United States v. Khatallah, 41 F.4th 608, 638 (D.C. Cir. 2022). Massachusetts law applies these same standards. See Commonwealth v. Silvelo, 486 Mass. 13, 18, 154 N.E.3d 904 (2020) (closeness of the case); see Commonwealth v. Kolenovic, 478 Mass. 189, 201, 84 N.E.3d 781 (2017) (centrality of the issue); see Commonwealth v. Bois, 476 Mass. 15, 35, 62 N.E.3d 513 (2016) (mitigating steps). Accordingly, the state law applied here was not contrary to established federal law. 28 U.S.C. § 2254(d)(1).

As in Khatallah, though a few of the prosecutor's statements during Alemany's trial were objectionable, they were not substantially prejudicial. Khatallah, 41 F.4th at 638 (finding repeated appeals to nationalism and emotion "deeply troubling" but not prejudicial). First, the SJC indicated that this was not a close case as "the evidence against the defendant was overwhelming." Alemany, 488 Mass. at 513; see Moore, 651 F.3d at 51 (indicating "closeness of the case" an important factor). Second, the SJC properly analyzed each statement to determine if it was central to the issue and determined none were. Alemany, 488 Mass. at 512 (for example, the SJC found the use of the phrase "horror story" permissible as it was "rooted in the evidence"). Finally, the SJC noted that after each challenged statement made by the prosecutor,

9

the trial judge reiterated to the jury that "the case must be decided based upon evidence, and not based upon emotion or sympathy." <u>Alemany</u>, 488 Mass. at 517. Because the SJC properly analyzed the relevant factors, the decision was not contrary to clearly established federal law. 28 U.S.C. § 2254(d)(1). Therefore, there is no due process issue, and the writ of habeas corpus is denied.

## IV.   Conclusion

For the foregoing reasons, Alemany's <u>Petition for Writ of Habeas Corpus</u> [Doc. No. 1] is DENIED.

IT IS SO ORDERED

February 9, 2024                                         /s/Indira Talwani
                                                        United States District Judge