UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EDWIN ALEMANY, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-11678-IT |
| | * | |
| STEPHEN KENNEDY, | * | |
| | * | |
| Respondent. | * | |

DENIAL OF CERTIFICATE OF APPEALABILTIY

March 8, 2024

TALWANI, D.J.

The court denied Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1], see Memorandum & Order [Doc. No. 24], and Petitioner filed a Request for Certificate of Appealability [Doc. No. 27]. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may only issue if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Alemany seeks a certificate of appealability ("COA") on two issues: (1) whether this court erroneously dismissed the habeas petition where Petitioner's attorney at trial acknowledged Petitioner's guilt and pursued a lack of criminal responsibility defense over his express objection; and (2) whether this court erroneously dismissed the petition where the prosecutor's remarks in his opening and summation at trial played on the jury's emotions and sympathies and stoked the jury's fear of the Petitioner. Request for COA 1-2 [Doc. No. 27]. The court considers

each issue separately and grants a COA only for issues that meet the standards of Section 2253(c). 28 U.S.C. § 2253(c)(3).

The court finds that, based on the evidence in the record, no reasonable jurist could conclude that Alemany's Sixth Amendment right to counsel was violated. Most of the evidence Alemany submitted has no bearing on the question of whether he knew that his lawyers would pursue an insanity defense and admit guilt, and the affirmative evidence he does submit (his own affidavit) was repeatedly deemed not credible, and was contradicted by the affidavit of his appellate attorney.

The court likewise finds that no reasonable jurist would conclude that the prosecutor's statements violated Alemany's right to a fair trial. The weight of the evidence presented at trial of Alemany's guilt was overwhelming, and the trial judge instructed the jury that they were to focus only on the testimony given by witnesses, not the prosecutor's characterizations of that testimony. A reasonable jurist could not conclude that the statements to which Alemany objects affected the jury's deliberations such that his right to a fair trial and impartial jury was violated.

The court finds Alemany has made no substantial showing of the denial of a constitutional right. Because the court determines that no "reasonable jurist[] would find the [] assessment of the constitutional claim debatable or wrong," Miller-El v. Cockrell, 537 U.S. 322, 338 (2003), Petitioner's Request for Certificate of Appealability [Doc. No. 27] is DENIED.

IT IS SO ORDERED.

March 8, 2024                                              /s/ Indira Talwani
                                                           United States District Judge